THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
DAVID E. PINCHAS
Assistant United States Attorney
      Room 7516 Federal Building
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone:  (213) 894-2920
      Fax Number: (213) 894-7819
      California Bar # 130751
      Email: david.pinchas@usdoj.gov

Attorneys for Defendant


UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| VINCENT WHITE, et al.,<br><br>       Plaintiffs,<br><br>  v.<br><br>MICHAEL B. DONLEY, Acting<br>Secretary of the Air Force,<br>       Defendant. | NO. CV 05-7728 ABC (FMOx)<br><br>DEFENDANT'S STATEMENT OF<br>UNCONTROVERTED FACTS AND<br>CONCLUSIONS OF LAW<br><br>Date: October 27, 2008<br>Time: 10 a.m.<br>Courtroom: 680 Roybal Federal<br>          Courthouse |

    Pending before the Court is Defendant's Motion for Summary
Judgment Against Leonard White Jr.  The Court, having considered
the pleadings, memoranda of points and authorities, and evidence,
finds the following facts to be uncontroverted and makes the
following conclusions of law.


UNCONTROVERTED FACTS

1. Plaintiff Vicent White began to apply for a series of positions at Edwards Air Force Base ("EAFB") but was unsuccessful. These positions are listed on a spreadsheet created by White, Exhibit 2 to Pinchas declaration (hereinafter "Exhibit 2").

2. Plaintiff is African-American. <u>See</u> Transcript of Plaintiff's deposition ("Tr.") 17:5-6.

3. Although Plaintiff served in the United States Air Force, he did not participate in a military campaign for which a service medal was authorized and never suffered a service-connected disability. Tr. 31:6-13; 34:7-17; 35:1-36:1. Accordingly, Plaintiff was not entitled to veteran's preference for federal employment. <u>See</u> 5 U.S.C. § 2108(1).

4. While in the Air Force in the 1980s, Plaintiff received training at Eielson AFB to be an apprentice in aircraft maintenance of the A-10 aircraft. Tr. 37:1-14; 40:10-13. Plaintiff was advised that he was not meeting the standards of that maintenance position. 41:2-43:14.

5. Plaintiff was transferred to the "phase dock" where he served as benchstock worker stocking tools and obtaining supplies. Tr. 45:6-46:25. Plaintiff was working under close supervision at all times in this position. Id. Plaintiff also had experience in the warehouse squadron of another Air Force Base. Id. 48:1-9. Plaintiff was also working under close supervision in this position. Id.

6. Plaintiff has had no experience working with aircraft tools and parts since his discharge from the military in 1985. <u>See</u> Exhibit 1 to Hudson Decl.

7.   Beginning in 2003, Plaintiff began applying for wage grade positions at Edwards Air Force Base ("EAFB") in four areas: tools and parts attendant, materials handler, occupational training assistant and supply technician.  Tr. 124:22-125:5.

8.   By late 2003, Plaintiff concluded that his inability to find work at EAFB was due to racial discrimination.  Tr. 189:3-3-7.  Nevertheless, Plaintiff waited until the Spring of 2005 to seek EEO counseling.  Id. 179:16-19; Umatum Decl. ¶ 4(a). Plaintiff testified he waited until 2005 because he was too busy with family matters.  Tr. 179:16-183:8; 188:7-190:6.

9.   With respect to the first spreadsheet position, EAF03-012A, Occupational Training Assistant, this position required knowledge, skill or abilities ("KSAs") of education, training and development process, policies and procedures, ability to use computer systems, and ability to apply basic analytical methods and techniques.  Tr. 153:13-155:24.  Plaintiff admits that he did not have this knowledge or experience.  Id.

10.  Defendant has no record of Plaintiff applying for the occupational training assistant position.  Hugges Decl. ¶ 3. Furthermore, Plaintiff admits he did not submit a description any of the required KSAs for this position.  Tr. 153:6-8.

11.  The second position on the spreadsheet, Tools and Parts Attendant EAFB 03-092, was canceled by Defendant.  Rachel Decl. ¶ 4(c); Tr. 228:4-229:17.

12.  As to the third position on the spreadsheet, Tools and Parts Attendant EAFB 03-091, Plaintiff's application was forwarded to Robert Hudson in his capacity as subject matter expert.  Rachel Decl. ¶ 3(e).

3

13.   Hudson did not know Plaintiff's race or of any prior EEO activity involving Plaintiff or his family members.   Hudson Decl. ¶ 6.

14.   Hudson reviewed Plaintiff's application and that of the other candidates.   Id. ¶ 4.   Hudson concluded that Plaintiff was not the most qualified candidate for this position.   Id.

15.   Hudson did not select Plaintiff for spreadsheet position 3 because there were other candidates for position three whom he rated equal to or higher than Plaintiff and they were entitled to veteran's preference.   Id.

16.   With respect to spreadsheet position 4, Supply Technician, 03JAN30096, Defendant's search of its records did not find any evidence Plaintiff had applied for this position. Williams decl. ¶ 3(a).   In addition, Plaintiff did not have the required experience for a supply technician position.   Tr. 148:16-151:6.

17.   The fifth position on Plaintiff's spreadsheet, Tools and Parts Attendant EAFB 03-231 was canceled after the closing of the application period.   Rachel Decl. ¶ 5(c); Tr. 221:2-223:17.

18.   As to the sixth position on Plaintiff's spreadsheet, Supply Technician AE180125, Plaintiff submitted an online occupational questionnaire through USA Staffing[1] and submitted a resume to the EAFB civilian personnel office.   Rachel decl. ¶ 6.

---

[1] USA Staffing is a computer program created by the Office of Personnel Management which allows job applications to be processed electronically.   Rachel Decl. ¶ 5(a).   Once an applicant submits answers to online occupational questions, USA Staffing scores the responses automatically.   Id. ¶ 6(d).   USA Staffing determines whether the applicant's scores are high enough to be forwarded to the subject matter expert for the position for further consideration.   Hugges decl. ¶ 6(d).

1    USA Staffing automatically scored Plaintiff's online occupational
2    questionnaire for this position.  Id. ¶ 6(e).

3        19.  USA Staffing rated Plaintiff as ineligible for the
4    supply technician position because Plaintiff scored himself with
5    no experience, or "zero," on most of the questions on the
6    occupational questionnaire.  Id; Tr. 147:14-151:15.

7        20.  With respect to the seventh spreadsheet position, Tools
8    and Parts Attendant, AE181347, Plaintiff's own self-assessment on
9    the on line questionnaire for this position was such that he
10   could not have been referred to the selecting official for this
11   position.  Rachel Decl. ¶ 7(f).

12       21.  By his own admission, Plaintiff has no experience
13   working with hazardous material ("HAZMAT") and its proper
14   disposal.  Tr. 214:22-215:20.

15       22.  Defendant has no record that Plaintiff applied for
16   spreadsheet position 8, Supply Technician 04AUG394375.  Williams
17   Decl. ¶ 4(b); Tr. 213:9-214:13.

18       23.  With respect to spreadsheet position nine, Materials
19   Handler (HAZMAT Pharmacy Technician), USA Staffing rated
20   Plaintiff ineligible based on his own responses to the required
21   occupational questions for this position.  Jordan Decl. ¶ 5(d).
22   Plaintiff admits that he was not qualified for this position.
23   Tr. 141:23-144:18.

24       24.  Plaintiff's application for spreadsheet position 10
25   was referred to the subject matter expert, Delmacio Rara, to
26   review.  Jordan Decl. ¶ 8(e).  Rara did not know Plaintiff's race
27   or of any EEO activity involving Plaintiff or his family members.
28   Rara Decl. ¶ 5.

25. Rara reviewed Plaintiff's resumes and concluded that Plaintiff's application did not demonstrate sufficient experience for further review. Rara Decl. ¶ 4(a).

26. For position 10, Rara selected an African-American candidate who was eligible for a veteran's preference.

27. As to position 11, USA Staffing rated Plaintiff as ineligible for Tools and Parts Attendant EAFB 04-151 because he did not score his experience high enough to meet the minimum scores required for this position. Jordan Decl. ¶ 6(e).

28. With respect to spreadsheet position 12, Tools and Parts Attendant EAFB 05-016, USA Staffing rated Plaintiff as ineligible for this position because he did not score his experience high enough to meet the minimum scores required for this position. Jordan Decl. ¶ 7(e).

29. As to spreadsheet position 13, Tools and Parts Attendant (Materials Handler) EAFB 05-112, USA Staffing rated Plaintiff as ineligible for this position because he did not score his experience high enough to meet the minimum scores required for this position. Jordan Decl. ¶ 10(e).

30. With respect to spreadsheet position 14, Tools and Parts Attendant (Materials Handler) EAFB 05-111, USA Staffing rated Plaintiff as ineligible for this position because he did not score his experience high enough to meet the minimum scores required for this position. Jordan Decl. ¶ 11(e).

31. With respect to spreadsheet position 15, Tools and Parts Attendant (Materials Handler) EAFB 05-139, USA Staffing rated Plaintiff as ineligible for this position because he did not score his experience high enough to meet the minimum scores

6

1  required for this position.  Jordan Decl. ¶ 11(e).

2      32.  Plaintiff's spreadsheet does not contain any

3  description of spreadsheet position 16.  See Exhibit 2.

4  Plaintiff applied for the position of Tools and Parts Attendant

5  (Materials Handler) EAFB 05-141 and the parties assume that this

6  position was what Plaintiff intended for position 16.

7      33.  As to the position of Tools and Parts Attendant

8  (Materials Handler) EAFB 05-141, USA Staffing rated Plaintiff as

9  ineligible for this position because he did not score his

10  experience high enough to meet the minimum scores required for

11  this position.  Hugges Decl. ¶ 4(e).

12      34.  Any conclusion of law that is deemed an uncontroverted

13  fact is incorporated herein by this reference.

14                    CONCLUSIONS OF LAW

15      1.  This Court must grant summary judgment in favor of the

16  moving party if no genuine issue exists as to any material fact

17  and the moving party is entitled to judgment as a matter of law.

18  Fed. R. Civ. P. 56(d).

19      2.  In order to establish a prima facie case, Plaintiff must

20  show 1) he was a member of a protected class; 2) he applied for a

21  job for which he was qualified; 3) he was rejected and 4) the

22  position remained open and the employer sought other similarly

23  qualified candidates.  See McDonnell Douglas Corp. v. Green, 411

24  U.S. 792, 802 (1973); Texas Dept. Of Community Affairs v.

25  Burdine, 450 U.S. 248, 253 (1981).

26      3.  Although Plaintiff is African-American, and was not

27  selected for any of the above vacancies, he has not met his

28  burden of establishing a prima facie case of discrimination nor

                           7

1  has he produced any other evidence that he was not selected for

2  the above positions because of his race or prior EEO activity.

3  See McDonnell, 411 U.S. at 802.

4      4.   There is no evidence that Plaintiff applied for

5  spreadsheet positions 1, 4 and 8.  Hugges Decl.  3(b); Ex. 8,

6  Dec. Williams Decl.  at ¶¶ 3(a), 3(b);  Tr. 210:11-25; 214:13.

7  Accordingly, Plaintiff's claims thereon should be dismissed.  See

8  Gay v. Waiters' & Dairy Lunchman's Union, 694 F.2d 531, 546 (9th

9  Cir. 1982).

10     5.   In addition, Plaintiff admits that two of the positions

11 (spreadsheet positions 2 and 5) were canceled and thus should not

12 be part of his complaint.  Tr. 228:4-229:17; 220:20-25; 222:6-17.

13 See Chavez v. Tempe Union High Sch. Dist., 565 F.2d 1087, 1091

14 (9th Cir. 1977) (failure to prove job opening is fatal to *prima*

15 *facie* case of discrimination); Carter v. Pena, 14 F.Supp.2d 1, 6

16 (D.D.C. 1997) (because vacancy was canceled, the Title VII

17 plaintiff cannot meet burden of proof).

18     6.   The record also establishes that Plaintiff's own self-

19 ratings resulted in USA Staffing rating him ineligible for the

20 following positions on Plaintiff's spreadsheet: EAFB 04-007

21 (position 6), 04-009 [AE181347] (position 7), EAFB 04-140

22 (position 9), EAFB 04-151 (position 11), EAFB 05-016 (position

23 12), EAFB 05-111 (position 14), EAFB 05-112 (position 13), EAFB

24 05-139 (position 15), and EAFB 05-141 (position 16).

25 Accordingly, Plaintiff has not met his burden of proof with

26 respect to these positions.

27     7.   Plaintiff has not established that he was qualified for

28

8

any of the above positions.

8.   With respect to  EAFB 05-062 (spreadsheet position 10), subject matter expert Delmacio Rara reviewed Plaintiff's application and found that he could not rate Plaintiff sufficiently high to allow his application to proceed to the next level of review.   Rara Decl. ¶ 4(a)(7).   In addition, Rara selected an African-American for this position and thus Plaintiff cannot establish a *prima facie* case for that reason alone. McDonnell, 411 U.S. at 805.   In addition, this successful candidate had more recent relevant experience for the position and was entitled to veteran's preference.   See Rara Decl. ¶ 5. Accordingly, Plaintiff cannot establish in any way that a similarly situated person not of his race was chosen over him. Thus, Plaintiff cannot make a prima facie case with respect to spreadsheet position 10.   See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1106 (9th Cir. 2008).

9.   With respect to the vacancy for spreadsheet position three, Tools and Parts Attendant EAFB 03-091, the subject matter expert, Robert Hudson, scored Plaintiff lower than several other candidates because he found Plaintiff's application did not fully substantiate the required KSAs and his experience was approximately 20 years old.   Hudson Decl. ¶ 4(a).   Hudson scored other candidates higher because they had more recent relevant experience.   Id. ¶ 4(b)-(c).   In addition, the successful candidates for this position were entitled to veteran's preference.   Rachel Decl. ¶ 3(f).   Accordingly, these candidates were not similarly situated to Plaintiff, who was not entitled to

veteran's preference.  <u>See</u> 5 U.S.C. § 3313(2)(B).[2]   Therefore, Plaintiff has not met his burden of proof with respect to spreadsheet position 3.  <u>See</u> <u>Surrell</u>, 518 F.3d at 1106.

10.   Defendant has articulated a legitimate, non-discriminatory and non-retaliatory business justification for each non-selection: Defendant's conclusion that Plaintiff was not the most qualified candidate for the position.  Id.   Plaintiff has not established that other similarly situated candidates were selected for any of the positions in issue or that Plaintiff's justification was pretextual.

11.   Because Plaintiff did not seek EEO counseling until the Spring of 2005, Plaintiff's claims as to spreadsheet positions 1-9, 11 and 12 are untimely.  <u>See</u> 29 C.F.R. § 1614.105(a)(1). Therefore, Plaintiff's claims regarding these positions must be

---

[2]   When a federal service position is advertised competitively, the names of applicants who have qualified for the position must be listed on a certificate of eligibles.  5 U.S.C. § 3313.  Disabled veterans with a compensable service-connected disability of 10 percent or more shall be listed at the top of the certificate.  5 U.S.C. § 3313(2)(A).  Disabled veterans also have 10 points added to their rating on the certificate.  5 U.S.C. § 3309(1); 5 U.S.C. § 2108(3)(c).  After disabled veterans, the remaining applicants must be listed in the order of their ratings after preference points have been added.  5 U.S.C. § 3313(2)(B).  Qualified Veterans are entitled to have five points added to their rating.  5 U.S.C. § 3309(2).  To be a qualified veteran, an individual must have served on active duty in the armed forces during a war, in a campaign or expedition for which a campaign badge has been authorized, or during a statutorily specified period.  5 U.S.C. § 2108(1).  The specified periods for veteran's status are April 28, 1952 to July 1, 1955; January 31, 1955 to October 15, 1976; August 2, 1990 to January 2, 1992; and September 11, 2001 to present.  5 U.S.C. § 2108(1). The names of preference eligibles must be entered ahead of others having the same rating.  5 U.S.C. § 3313(2)(B).  A selecting official cannot pass over a preference eligible to select a non-preference eligible candidate, without approval from OPM or its designee.  5 U.S.C. § 3318(b).

dismissed.   See Vinieratos v. USAF, 939 F.2d 762, 768 (9th Cir. 1991).

     12.   All of Plaintiff's claims should be dismissed with prejudice.

     13.   Any uncontroverted fact which is deemed to be a conclusion of law is hereby incorporated in these conclusions of law.

Dated: This 17 day of October 2008.

_____
UNITED STATES DISTRICT JUDGE

11

**CERTIFICATE OF SERVICE BY U.S. MAIL**

I am over the age of 18 and not a party to the within action.  I am employed by the Office of United States Attorney, Central District of California.  My business address is 300 North Los Angeles Street, Suite 2315,  Los Angeles, California 90012. On **October 17, 2008** I served : DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelopes for collection and mailing on the date and at the place shown below following our ordinary office practices.  I am readily familiar with the practice of this office for collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: **October 17, 2008** Place of mailing: Los Angeles, California

Leonard White, Jr.          Vincent White
45455 N 3rd Street East     2603 W. Oldfield Street
Lancaster, CA 93535         Lancaster, CA 93536

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: **October 17, 2008**, at Los Angeles, California.

 /s/_____
**JOANNE LEGASPI**

12